NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
-------------------------------------------------------X

In Re:                                                                      CHAPTER 7

NORMA J. DRAGO,                                              CASE NO. 15-15615 (JNP)

          Debtor.
-------------------------------------------------------X    **OPINION**


**APPEARANCES:**

Allen Gorski, Esq.
Gorski & Knowlton PC
311 Whitehorse Avenue, Suite A
Hamilton, NJ 08610
*Attorneys for the Debtor, Norma J. Drago*

Donna Wenzel, Esq.
Office of the Chapter 13 Standing Trustee
535 Route 38, Suite 580
Cherry Hill, NJ 08002
*Attorney for Isabel Balboa, Esq., Chapter 13 Trustee*


**JERROLD N. POSLUSNY, JR., U.S. Bankruptcy Judge**

## INTRODUCTION

Before the Court is (i) the Chapter 13 Trustee's Notice of Funds on Hand; and (ii) the objection to the Notice filed by debtor's counsel, Gorski & Knowlton PC ("G&K"). As discussed below, G&K's request that funds held by the Chapter 13 Trustee be turned over in partial payment of G&K's allowed professional fees is denied.

## BACKGROUND

Norma J. Drago (the "Debtor") filed a Chapter 13 petition on March 30, 2015. After nearly nine months of negotiations, and a contested confirmation hearing, the Court denied confirmation of the Debtor's Chapter 13 plan. On January 19, 2016, the Debtor converted her case from Chapter 13 to Chapter 7. On January 20, the Chapter 13 Trustee filed a Notice of Funds on Hand in which she notified parties in interest that she was holding $4,140.28 (the "Funds"). The Debtor now seeks dismissal of her case and G&K requests that the Funds be turned over to the firm as partial payment of its allowed fees.[1] The Court offered G&K an opportunity to further brief the issue or to present oral argument, both of which were waived.

## JURISDICTION

The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, as amended September 18, 2012, referring all bankruptcy cases to the bankruptcy court. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A). Venue is proper in this Court

---

[1] On March 11, 2016, the Chapter 7 Trustee filed a motion seeking dismissal of the case, which motion is pending before the Court.

pursuant to 28 U.S.C. § 1408. The following constitutes the Court's findings of fact and conclusions of law as required by Fed. R. Bankr. P. 7052.[2]

## DISCUSSION

### **Funds on Hand Must Be Returned to the Debtor Upon Conversion to Chapter 7**

For the reasons set forth below, G&K's request that the Funds be transferred directly to G&K is denied and the Chapter 13 Trustee shall return the Funds to the Debtor.

In Harris v. Viegelahn, 135 S. Ct. 1829 (2015), the Supreme Court ruled that:

> When a debtor exercises his statutory right to convert, the case is placed under Chapter 7's governance, and no Chapter 13 provision holds sway. § 103(i) ("Chapter 13 . . . applies only in a case under [that] chapter."). Harris having converted the case, the Chapter 13 plan was no longer "bind[ing]." § 1327(a). And Viegelahn, by then the former Chapter 13 trustee, lacked authority to distribute "payment[s] in accordance with the plan." § 1326(a)(2); see § 348(e).

Harris, 135 S. Ct. at 1838. "In other words, the Supreme Court held that none of the provisions of Chapter 13 apply in a case converted to Chapter 7." In re Beauregard, 533 B.R. 826, 829 (Bankr. D.N.M. 2015). After conversion, a Chapter 13 trustee becomes the formerly serving Chapter 13 trustee in the case; her services as Chapter 13 trustee are terminated, and her remaining responsibilities are not predicated on Chapter 13. Harris, 135 S. Ct. at 1838.

In Harris, the court relied on § 348(e) of the Bankruptcy Code to support its decision that undistributed post-petition funds must be returned to the debtor. See id. Section 348(e) provides that "[c]onversion of a case under section 706, 1112, 1208, or 1307 of this title terminates the service of any trustee or examiner that is serving in the case before such conversion." 11 U.S.C. § 348. Therefore, the Chapter 13 Trustee's authority was stripped the moment the case was

---

[2] To the extent that any of the findings of fact constitute conclusions of law, they are adopted as such. Conversely, to the extent that any conclusions of law constitute findings of fact, they are adopted as such.

3

converted. See Harris, 135 S. Ct. at 1838. Upon conversion, Federal Rule of Bankruptcy Procedure 1019 specifies what a terminated Chapter 13 trustee must do post-conversion. Bankruptcy Rule 1019 lists the wind up duties of a former Chapter 13 trustee (i.e., to turn over records and estate property to the Chapter 7 trustee and file a final report), which survive conversion. Fed. R. Bankr. P. 1019; Harris, 135 S.Ct. at 1839. Thus, returning funds to the Debtor is not a service of the Chapter 13 Trustee; instead it is a wind up duty of the former Chapter 13 Trustee. Beauregard, 533 B.R. at 830.

The present case is distinct from Harris in that this case was converted prior to the confirmation of a plan. However, "the logic and analysis employed by the Supreme Court applies with equal force to a case . . . in which no plan has been confirmed." In re Sowell, 535 B.R. 824, 826 (Bankr. D. Minn. 2015). See also In re Spraggins, 2015 WL 5227836, at *2 (Bankr. D.N.J. Sept. 4, 2015). This Court agrees with Sowell, Beauregard, and Spraggins, that Harris applies to any Chapter 13 case, whether there is a confirmed plan or not. Therefore, upon conversion to Chapter 7, the Chapter 13 Trustee must return all undistributed funds to the Debtor.

The fact that the Debtor seeks to have the case dismissed after the conversion to Chapter 7 does not alter the outcome. Several courts have held that dismissal of a Chapter 13 case prior to confirmation may result in payment of administrative expenses pursuant to § 503(b) before funds are returned to the debtor. See, e.g., In re Brandon, 537 B.R. 231, 235 (Bankr. D. Md. 2015). In Brandon, the court approved the Chapter 13 trustee's transfer of funds to debtor's counsel after conversion, pursuant to § 1326(a)(2). Id. at 236. Brandon does not apply in this case, because this case was converted before the Debtor moved to dismiss.

Moreover, § 1326(a)(2) provides that, "the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, after deducting any unpaid claim allowed under § 503(b)." 11 U.S.C. § 1326(a)(2). This language, however, presumes the trustee is still the trustee. See Beauregard, 533 B.R. at 829. Upon conversion, the Chapter 13 Trustee was no longer the acting trustee. Therefore, she can no longer function as a trustee, nor can she function as a disbursing agent. Id.

The Court is bound by Harris because the case was converted, even though the Debtor now seeks dismissal. Had the Debtor sought to dismiss the case while in Chapter 13, the result may have been different, but that issue is not before the Court.

## CONCLUSION

For the foregoing reasons, G&K's request for turnover of funds held by the Chapter 13 Trustee as partial payment of its allowed fees is denied. Upon conversion of a Chapter 13 case to Chapter 7, the Chapter 13 Trustee is obligated to return funds on hand to the Debtor. The Chapter 13 Trustee is hereby ordered to return the Funds to the Debtor.

Dated: April 11, 2016

JERROLD N. POSLUSNY, JR.
U.S. BANKRUPTCY COURT JUDGE